**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.:  18-04903 |
| | ) | |
| Tara Lynn Galloway, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |

**MEMORANDUM ORDER GRANTING DEBTOR'S DISCHARGE**

This matter is before the court on the Debtor's Motion to Compel the Clerk to Enter Discharge under 11 U.S.C. § 1328.[1]  Rather than compel the clerk to enter a discharge order, the court simply grants the Debtor's discharge for the reasons explained below.

**Background**

The Debtor filed a petition seeking relief under chapter 13 of the Bankruptcy Code on February 22, 2018.  Dkt. No. 1.  Her plan was confirmed on May 30, 2018.  Dkt. No. 27.  It provided she would pay $250 per month for 36 months.  Dkt. No. 20.  She also agreed as part of the plan that she would pay certain tax refunds to the standing chapter 13 trustee (the "**Trustee**") as additional payments under the confirmed plan.  *Id*.  The Debtor asserts and the Trustee does not dispute that the additional payments of the tax refunds increased the total amount of payments under the confirmed plan to $11,414.  *See* Dkt. No. 35.  The Trustee asserts that the last disbursement to creditors was made on November 19, 2021, the last receipt from the Debtor's employer under the payroll control order occurred on December 20, 2021 and "there was no delay in the normal process of closing this case."  Dkt. No. 40, p. 2.  Neither the Trustee nor any other party disputes that all payments have been made under the confirmed plan.  Moreover, the Debtor

---

[1] Unless otherwise indicated, all statutory references refer to Title 11 of the U.S. Code (the "**Bankruptcy Code**").

completed a course concerning personal financial management, and Official Form 423 has been filed on the docket. Dkt. No. 32. The Debtor has also certified that she did not at the time of her petition, and does not now, owe any domestic support obligations; her affidavit to that effect has been filed as Exhibit A to her Motion to Compel.

Notwithstanding the foregoing, the Trustee has not completed her audit of the Debtor's case. She has yet to certify to the court that payments under the plan are complete, which is ordinarily achieved through a Notice of Completion of Plan Payments (the "**Notice**") followed by a Final Report and Account (the "**Report**"). The Notice is relied upon by the clerk of court when entering a debtor's discharge order, and the Report is relied upon to close a case and discharge the Trustee. While there is no indication in this case that the Debtor's plan payments are incomplete in any way, the Trustee remains "in the process of reviewing this case and many other cases to ensure an accurate Notice of Completion of Plan Payments can be issued." Dkt. No. 40, p. 5. As the Debtor's final payment in this case was made on or about October 12, 2021, the Debtor has now been waiting 25 weeks for the entry of a discharge order.

## Discussion

Section 1328(a) provides that, with certain inapplicable exceptions, "*as soon as practicable* after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan." 11 U.S.C. § 1328(a) (emphasis added). Congress has not defined "practicable," but Webster's Dictionary indicates that it means "capable of being put into practice or of being done or accomplished." *See* Merriam-Webster.com, https://www.merriam-webster.com/dictionary/practicable (accessed March 29, 2022). There is no doubt that in straightforward, undisputed cases like this one it is practicable to grant a discharge less than 25 weeks after completion of plan payments, because that is "done or accomplished"

2

often in this district and others around the country.[2]   Because it is practicable and appropriate to do so now, the court grants the Debtor's discharge.

The court does so in recognition that it is acting outside of a standard operating procedure that ordinarily honors the time-sensitivity of § 1328(a).   Ordinarily, in this District, the Trustee's Notice of Plan Completion indicates to the clerk that all payments are in fact complete and that an order of discharge is warranted.   *See, e.g., In re Avery,* 272 B.R. 718, 729-30 (Bankr. E.D. Cal. 2002).   Occasionally, however, standard operating procedures are subject to delays that risk violating § 1328(a).   On such occasions, other courts have observed that "[t]here is no statutory requirement for [the] Trustee to file a notice of plan completion in order for debtors to be eligible for a discharge under § 1328(a)."   *In re Gonzales*, 570 B.R. 788, 796 (Bankr. S.D. Tex. 2017).   Furthermore, there is:

> [n]othing in the Bankruptcy Code or Rules [that] ties the issuance of the debtor's discharge to approval of the [Trustee's] final report.   If Congress had wanted to defer issuance of a debtor's discharge until the final report was approved, presumably, it would have said so.   Section 1328(a) appears to reflect a contrary will: i.e., that the issuance of the discharge not be deferred until the final report is approved.

*Green*, 321 B.R. at 728.   Especially when there is no reason to believe that plan payments are not complete, the statutory imperative of § 1328(a) cannot be ignored.

The Trustee argues but provides no authority for the position that her audit must be complete prior to issuing the Notice.   The Trustee Handbook is not binding authority on the court, but even if it were, it suggests that "the standing trustee may have in place a procedure that certifies

---

[2] A cursory review of recent discharges in cases before this judge, indicates that three months, not six, is a more typical duration between the completion of the final plan payment and the entry of a discharge order.   While there is considerable variation across cases, evidence suggests that even three months would be considered undue delay in other districts.   *See In re Green*, 321 B.R. 725, 728 (Bankr. D. Nev. 2005) ("The issuance of a discharge within 30 days to 45 days of plan payment completion would qualify as the prompt issuance of a discharge.").

to the court that a debtor has completed payments under the plan before the final accounting is completed." Handbook for Chapter 13 Standing Trustees, Effective October 1, 2012. In this case and in all her cases, the Trustee's procedure involves delaying the issuance of the Notice until after a sufficiently final accounting has been completed. While this may be her preferred procedure—and while it may have become customary in this court—the delay in this case has grown far beyond what a reasonable person would consider "as soon as practicable*." See Green*, 321 B.R. at 728 (cited in note 2 above).

The Trustee also argues that the Debtor's discharge cannot be granted before the Trustee files her Notice and Report, but the limited authority provided for that proposition is similarly nonbinding and unpersuasive. *See* Dkt. No. 40, p. 4 (citing *Avery* and *In re Estrada*, 322 B.R. 149 (Bankr. E.D. Cal. 2005). Moreover, each of the California cases she cites explicitly recognizes the need for an exception to that general rule. *See Avery*, 272 B.R. at 731 ("If the approval of the final report will be unduly delayed … the court may enter the discharge in advance of the final report's approval."); *Estrada*, 322 B.R. at 155 ("In those few instances where the final report and account cannot be approved expeditiously for reasons that do not warrant delaying the entry of a discharge, … the discharge can be requested by motion.").

The court relies on the Trustee's diligence in conducting her final audit, and no one is ordering her to conduct it more quickly. Nonetheless, because there is no dispute that all payments have been made, that the personal financial management course has been taken and that the Debtor has no domestic support obligations, in this case the Debtor's discharge precedes the Trustee's Notice.

In future cases where a debtor reasonably believes after due investigation that all the requirements for discharge have been met, the court will entertain a motion seeking the entry of a

4

discharge order.  Attached to this order is a certificate which may be attached as an exhibit to such a motion and may assist in expediting entry of an order of discharge.  If such a motion is filed, it must be served on all creditors and the standing chapter 13 trustee under Local Rule 9013-1(D) and the Fifth Amended General Order No. 20-03, paragraph 7.  Such a motion should be filed only in cases of undue delay.  *See Avery*, 272 B.R. at 731 ("This is not an invitation to file such a motion in every case.  Rather, the court expects that the trustee's customary efficiency will make a motion unnecessary in all but a few cases.").

Moving forward this procedure will allow the entry of a discharge within a practicable time after plan payments are complete and will give the standing trustee and creditors a chance to object. No debtor is required to file such a motion, and nothing precludes the trustee or any other party from filing a request under § 1328(e) in the event there is belief that the discharge was obtained through fraud.

### Conclusion

The Debtor's discharge is hereby GRANTED.

Dated: April 5, 2022

ENTER:

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS**

In re:                                                    CASE NO.


**Debtor.**              **CHAPTER 13**

**DEBTOR'S CERTIFICATION OF PLAN COMPLETION**

The debtor(s)[1] in the above captioned matter certified as follows:

1.  All payments required to be made under the confirmed plan have been made.

2.  The Chapter 13 Trustee _____ Has or _____ Has Not filed a Trustee's Notice of Plan Completion.

3.  An approved provider has notified the court that the debtor has completed a course concerning personal financial management or the debtor has filed Official Form 423 indicating either completion of a course or that the debtor is exempt from the court requirement.

4.  Certification Concerning Domestic Support Obligations:

    _____    A. The debtor has not been required by a judicial or administrative order or by statute to pay any domestic support obligations as defined in 11 U.S.C. §101(14A);

    OR

    _____    B. The debtor certifies that all amounts payable under any domestic support obligation (required by a judicial or administrative order or by statute), that are due on or before the date of this certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid. The name of each holder of a domestic support obligation is as follows:

    _____

---

[1] All further references to "debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals, unless any information is noted as specifically applying to only one debtor.

Page **1** of **3**

5. Certification concerning 11 U.S.C. §1328(h): The debtor certifies that 11 U.S.C. §522(q)(1) is not applicable to the debtor, and there is not pending any proceeding in which the debtor may be found guilty of a felony of the kind described in §522(q)(1)(A) or liable for a debt of the kind described in §522(q)(1)(B).

6. The debtor has not received a discharge under Chapter 7,11, or 12 in a case filed during the 4-year period preceding the filing of the instant case and has not received a discharge under Chapter 13 in a case filed during the 2-year period preceding the filing of the instant case.

The undersigned requests that a discharge be granted in accordance with 11 U.S.C. §1328.  By signing this certification, I/we acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on each of these statements in determining whether to grant a discharge in this Chapter 13 case.  The Court may revoke my/our discharge if the statements relied upon herein are proven to be inaccurate.

Dated:

_____
Debtor

_____
Joint Debtor

 s/ _____

Attorney for Debtor   _____
Bar Number            _____
Address               _____
Phone                 _____
Email                 _____

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Certification of Eligibility for Discharge was served upon the United States Trustee, the trustee, all domestic support obligation recipients, and all parties in interest as follows:

**by CM/ECF:**


**by First Class Mail, postage prepaid:**


**Other:**




Dated:


  s/_____
Attorney for Debtor